IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY LEE CONLIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3305 |
| | § | |
| THOMAS A. DAVIS, JR., ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Jeremy Lee Conlin, a state inmate proceeding *pro se* and impliedly *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. The threshold question is whether plaintiff's claims should be dismissed as frivolous and for failure to state a claim. The Court concludes that plaintiff's complaint is frivolous, fails to state a claim, and should be dismissed for the reasons that follow.

**I. Claims**

Plaintiff pleaded guilty to sexual assault of a child and was sentenced to ten years incarceration on February 24, 2005. His direct appeal was dismissed for want of jurisdiction. *Conlin v. State*, 2005 WL 2036236 (Tex. App.– Beaumont 2005, no pet.). His first application for state habeas relief was dismissed for want of jurisdiction by the Texas Court of Criminal Appeals on March 15, 2006. *Ex parte Conlin*, WR-64,230-01. His second application for state habeas relief remains pending before the Texas Court of Criminal Appeals. *Ex parte Conlin*, WR-64,230-02. It was plaintiff's position throughout these post-

conviction state proceedings that, among other things, Montgomery County law enforcement officials contaminated the DNA specimens and forged the DNA testing results in his criminal proceedings.

In this lawsuit,[1] plaintiff complains that he submitted a request under the Texas Open Records Act for information regarding the date of collection and submission of the 2004 DNA specimens for testing in his criminal case, but was denied the information pursuant to section 552.028 of the Texas Government Code.  He alleges that the denial of his request violates the Texas Open Records Act and the federal Freedom of Information Act, and that section 552.028 is unconstitutional and violated his Fourth and Sixth Amendment rights.  He requests a jury trial, injunctive relief, and discovery.

## II.  Analysis

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless

---

[1] Plaintiff filed at least two other pending civil right lawsuits raising complaints about his DNA testing and criminal conviction:  *Conlin v. Dottie*, C.A. No. 06-cv-3304 (S.D. Tex. 2006); *Conlin v. Lange*, C.A. No. 06-cv-1817 (S.D. Tex. 2006).

legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

**A.     Non-constitutional claims**

To the extent plaintiff asks the Court to order defendants to comply with his records request, the relief he seeks is in the nature of an application for mandamus relief and is denied for want of jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1286 (5th Cir. 1997). The only federal statute conferring authority to issue writs of mandamus by federal district courts is 28 U.S.C. § 1361, which grants mandamus authority to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. This Court is without jurisdiction to issue a mandamus against Texas state officials ordering them to provide plaintiff with his requested information. Moreover, since the Texas Open Records Act (TORA), sections 552.001-.353, Texas Government Code, neither implicates provisions of the United States Constitution nor federal statutes, the Court is without jurisdiction over any claim brought pursuant to provisions of TORA.

Plaintiff's claim that state officials denied him information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), *et seq.*, is patently frivolous. FOIA applies only to records maintained by agencies within the executive branch of the federal government. *See* 5 U.S.C. § 552.

**B.     Constitutional Claims**

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).

Under section 552.028 of the Texas Government Code, state officials are not required to accept or comply with TORA requests for information from state inmates. Plaintiff claims that this exclusion violates his Fourth Amendment rights as to "unconstitutional searches and seizures" and his Sixth Amendment right to obtain favorable evidence and present a defense. Plaintiff does not allege any factual basis for an unreasonable search and seizure claim as to defendants' refusal of his TORA request, and his conclusory assertion fails to state a claim on which relief may be granted.

Nor does plaintiff present factual allegations raising a viable Sixth Amendment claim. Plaintiff does not state how the requested information – the dates of collection and submission of the DNA specimens in his 2004 criminal investigation – are material to his post-conviction proceedings. Further, the Fifth Circuit held in an unpublished opinion that section 552.028 is not unconstitutional in allowing Texas agencies to refuse requests from state inmates for copies of records in their criminal cases. *See Wright v.Curry*, 122 Fed. Appx. 724, 2004 WL 2977437 (5th Cir. 2004).

### III.  Conclusion

This lawsuit lacks an arguable basis in law and in fact, and is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  Any and all pending motions are **DENIED AS MOOT**.

Petitioner's implied motion to proceed *in forma pauperis* is **GRANTED**.  The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Jeremy Lee Conlin, # 1293724, and forward them to the Clerk of the Court on a regular basis in compliance with the provisions of  28 U.S.C. § 1915(b) until the entire filing fee of $350.00 has been paid.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ Office of the General Counsel, P.O. Box 13084. Austin, Texas 78711; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention:  Betty Parker.

Signed at Houston, Texas on October 23, 2006.

_____
Gray H. Miller
United States District Judge